IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWNA TANNER,

    Plaintiff,                                No. 1:17-CV-00876-JB-KBM

v.

TIMOTHY I. McMURRAY, M.D.,
ADRIANA LUNA, AUDREY LEBER, R.N.,
TAILEIGH SANCHEZ, R.N., ELISA MANQUERO, R.N.,
CORRECT CARE SOLUTIONS, LLC, BOARD OF
COMMISSIONERS OF BERNALILLO COUNTY,
NEW MEXICO, THOMAS J. RUIZ, JOHN and
JANE DOES 1-10,

    Defendants.

**CORRECT CARE SOLUTIONS, LCC'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

COMES NOW Defendant Correct Care Solutions, LLC ("CCS"), through its attorneys, Park & Associates, LLC (Alfred A. Park and Geoffrey D. White), and hereby makes the following Responses and Objections to Plaintiff's First Requests for Production:

Discovery is pending. CCS reserve the right to amend or supplement its responses to this requests for production to reflect newly discovered evidence, if any, and the same will be furnished to counsel for Plaintiff.

**GENERAL OBJECTIONS**

1. **CCS, through counsel, objects to Plaintiff's prefatory instructions and definitions to the extent they would purport to assign expanded definitions to words of commonly understood meaning, or to enlarge the scope of discovery permitted pursuant to the Federal Rules of Civil Procedure in general, and FED. R. CIV. P. 26, 33, 34, and 37 in particular, and insofar as such definitions would purport to impose obligations on CCS and**

PLAINTIFF'S EXHIBIT 13

its undersigned counsel respecting expanded responses to these Requests, or any duty to supplement these Responses to an extent not otherwise required pursuant to FED. R. CIV. P. 26.  CCS, through counsel, further objects because the Federal Rules of Civil Procedure do not provide for prefatory instructions and definitions.  CCS objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2.	CCS, through counsel, objects to Request for Production Nos. 4 through 9, 11 through 13, and 15 because each is an improper "fishing expedition" insofar as each seeks "any" or "all" documents.  Murphy v. Deloitte & Touche Group Ins. Plan, 619 F. 3d 1151, 1163 (10th Cir. 2010) ("Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition"); Koch v. Koch Indus., Inc., 203 F.3d 1202, 1238 (10th Cir. 2000) (requests for "all documents" are facially overbroad).  Accord, Marrujo v. N.M. State Highway Transp. Dep't, 1994-NMSC-116, ¶30, 118 N.M. 753, 887 P.2d 747 ("this discovery argument seems more like a 'fishing expedition' than a focused request for probative relevant evidence").

3.	CCS, through counsel, objects to Request for Production Nos. 1 through 4, 6 through 9, and 11 through 15 to the extent that each seeks information and documents that are not relevant to the claims or defenses asserted and are not reasonably calculated to lead to potentially relevant material or the discovery of admissible evidence, and are not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).

4.	CCS, through counsel, objects to Request for Production Nos. 1 through 4 and 12 through 14 to the extent that each Request seeks information that is protected by the attorney-client privilege and/or work-product doctrine or to the extent that each

2

Request encompasses materials created in anticipation of litigation, and materials exempted from disclosure by the attorney work product immunity.

5. CCS, through counsel, objects to Request for Production Nos. 1 through 4, 6 through 9, 11 through 13, and 15 to the extent that each Request is overly broad, unduly burdensome, oppressive, and excessive in duration as to the time frame for which the records are requested and justifies a protective order.

6. CCS, through counsel, objects to Request for Production No. 4 to the extent that it calls for production of a privilege log for internal documents of CCS. A request for such a log is unreasonable and unduly burdensome in light of the work product doctrine and other privileges protecting such internal documents from discovery.

7. CCS, through counsel, objects to Request for Production Nos. 1 through 6 and 14 to the extent that each Request calls for the production of documents and information that were produced to the Plaintiff or are in the possession of Plaintiff.

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce the records in your possession, custody, or control identified in your answer to Interrogatory No. 1 above.

**RESPONSE**: CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1, 3 through 6, and 8 above.

Without waving these or any other objections, CCS states that it is not currently in possession, custody, or control of documents responsive to this Request other than documents that were exchanged by the parties through discovery and initial disclosures,

training on recognizing emergencies and procedures for referring inmates for health care, from December 9, 2014, and until November 30, 2016.

**RESPONSE**:  **CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 4, and 6 above.  CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.**

**Without waving these or any other objections, CCS states that it is willing to work with Plaintiff if she will narrow this Request to specific employees and to documents reasonably expected to have some probative or evidentiary value**.  **Potential documents responsive to this Request may be contained in the training materials that Plaintiff obtained from MDC by IPRA request.**

**REQUEST NO. 12:**  Please produce the records in your possession, custody, or control that you or your agents or principals provided to the court-appointed medical expert in the *McLendon* litigation, Dr. Robert Greifinger, during his April 2016 and November 2016 site visits, including but not limited to Continuous Quality Improvement (CQI) and Quality Assurance (QA) reports, Mortality Review Reports, matrices or reports regarding medical care, and documents prepared or signed by Dr. Ron Shansky and Dr. Kenneth Ray.

**RESPONSE**:  **CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 4 through 6 above.  CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.  CCS, through counsel, further objects to this Request because the phrase "your agents or principals" is unclear and calls for a legal conclusion.**

11

**Without waving these or any other objections, CCS states that potential documents responsive to this Request may be contained in the reports on MDC that Plaintiff obtained from MDC by IPRA request.  Documents submitted to Dr. Greifinger are subject to a confidentiality order in the *McClendon* case.**

**REQUEST NO. 13:**  Please produce the records in your possession, custody, or control which document communications by the court-appointed medical expert in the *McClendon* litigation, Dr. Robert Greifinger, and which were transmitted to you or your agents or principals during the period from April 2016 to the present, including findings of fact and transcripts of recorded testimony by Dr. Greifinger.

**RESPONSE**:  **CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 4 through 6 above.  CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.  CCS, through counsel, further objects to this Request because the phrase "your agents or principals" is unclear and calls for a legal conclusion.**

**Without waving these or any other objections, CCS states that potential documents responsive to this Request may be contained in the reports on MDC that Plaintiff obtained from MDC by IPRA request.  Communications by Dr. Greifinger are subject to a confidentiality order in the *McClendon* case.**

**REQUEST NO. 14:**  Please produce the records in your possession, custody, or control which were created, edited, processed, or discovered between October 4, 2016, and the present, and which document the investigation, diagnosis, or treatment of Plaintiff Shawna Tanner's