IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWNA TANNER,

    Plaintiff,                                                        No. 1:17-CV-00876-JB-KBM

v.

TIMOTHY I. McMURRAY, M.D.,
ADRIANA LUNA, AUDREY LEBER, R.N.,
TAILEIGH SANCHEZ, R.N., ELISA MANQUERO, R.N.,
CORRECT CARE SOLUTIONS, LCC, BOARD OF
COMMISSIONERS OF BERNALILLO COUNTY,
NEW MEXICO, THOMAS J. RUIZ, JOHN and
JANE DOES 1-10,

    Defendants.

**PLAINTIFF SHAWNA TANNER'S ANSWERS AND OBJECTIONS
TO DEFENDANT CORRECT CARE SOLUTIONS, LLC'S
FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Shawna Tanner, by and through her counsel of record, Kennedy, Hernandez & Associates, P.C., and the Law Office of Nicole W. Moss, LLC, hereby provides the following answers and objections to Defendant Correct Care Solutions, LLC's First Set of Interrogatories.

**INTERROGATORY NO. 12**:  What was your expected date of delivery for the pregnancy at issue in your Complaint?

**ANSWER:**  Plaintiff objects to this interrogatory in part insofar as it seeks an expert opinion on the date of delivery for the pregnancy at issue in Plaintiff's Complaint, which Plaintiff herself is unqualified to give, on the grounds that it is premature, overbroad, and contrary to Fed. R. Civ. P. 26(a)(2), which only requires disclosure of the identity and reports of any witness a party may use at trial to present evidence under Federal Rule of Evidence 703, 704, and 705.  Records pertaining to expert witnesses who are consulted only for trial preparation, and not for purposes of presenting trial testimony, are generally not discoverable under Rule 26(b)(4) and D.N.M. LR-Civ. 26.3.  *See Ager v. Jane C. Stormont Hosp. and Training Sch. for Nurses*, 622 F.2d 496, 500-503 (10th Cir. 1980); *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 122 (S.D.N.Y. 2014).  Drafts of reports and communications between an expert and a party's attorney for purposes of trial preparation also are generally not discoverable under that rule.  *See U.S. Commodity Futures Trading Comm'n v. Newwill*, 301 F.R.D. 348, 350-53 (N.D. Ill. 2014).  This case is in its early stages, and Plaintiff has not yet decided which witnesses she may use at trial for purposes of presenting expert testimony.  *See IBP, Inc. v. Mercantile Bank of Topeka,* 179 F.R.D. 316, 323 (D.Kan. 1998) (holding that a party's interrogatory requesting a witness list "is unduly burdensome on its face. It does not call for material facts about the case or for contentions of the parties, but for decisions by counsel about their trial strategy."); *Robbins v. Camden City Bd. of Educ.,* 105 F.R.D. 49, 58 (D.N.J. 1985) (holding that interrogatories that sought the identification of trial witnesses were "premature and need not be answered").  Plaintiff further objects to this interrogatory in part insofar as the term "expected date of delivery" is vague and ambiguous as to whether it means the same date as the

fetus came to its full term or some other date, such as the date a person subjectively expected the baby to arrive.  If the former definition is intended, Plaintiff further objects to the use of that term as vague and ambigous insofar as there are different definitions of when a pregnancy reaches full term, with a recent definition providing a date range between 39-41 weeks, and a more traditional definition providing a date range between 37-42 weeks.  With the understanding that the "expected date of delivery" means Plaintiff's subjective understanding of what her provider told her about the date on which the fetus would have reached a full term (but without understanding the precise date range included within the definition of "full term"), Plaintiff answers the non-objectionable part of this interrogatory by stating, upon information and belief, that her own subjective understanding of what her providers told her was that the expected date of delivery was on or about November 16, 2016.  Pursuant to Fed. R. Civ. P. 33(a)(2) and the Court's scheduling orders, Plaintiff requests and reserves the right to timely supplement this answer in her expert disclosures under Fed. R. Civ. P. 26(a)(2).

**INTERROGATORY NO. 14:**   At the time of booking on October 14, 2016, at the Metropolitan Detention Center, what did you tell the medical intake person about how far along your pregnancy was?

**ANSWER:**   Plaintiff objects to this interrogatory in part insofar as it assumes facts which are not true and are not in evidence, *i.e.*, that Plaintiff was booked on October 14, 2016. Plaintiff further objects to this interrogatory as vague and ambiguous with respect to the phrases "at the time of booking" and "medical intake person." Plaintiff does not understand whether this interrogatory refers to a county employee, an employee of Defendant Correct Care Solutions, LLC, or some other person with whom Plaintiff had the opportunity to communicate about the details of her pregnancy. Plaintiff also does not understand whether this interrogatory refers to a specific time during the booking process, or more generally to the entire sequence of procedures that take place when an inmate first arrives at MDC or receives some type of initial health screening.

Based on her present understanding of the term "booking," Plaintiff answers the non-objectionable part of this interrogatory by stating that she was not booked into the Metropolitan Detention Center on October 14, 2016; she was instead booked into that facility ten days earlier on October 4, 2016. Thus, any conversations Plaintiff had with a "medical intake person" on October 14, 2016, did not occur "at the time of booking."

        Respectfully submitted,


        <u>  /s/ Arne R. Leonard                </u>
        KENNEDY, HERNANDEZ & ASSOCIATES, P.C.
        Paul J. Kennedy
        Jessica M. Hernandez
        Arne R. Leonard
        Elizabeth A. Harrison
        201 Twelfth Street Northwest
        Albuquerque, New Mexico 87102
        (505) 842-8662

        *Attorneys for Plaintiff Shawna Tanner*