IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWNA TANNER,

      Plaintiff,

v.                                                                           CIV 17-0876 JB/KBM

TIMOTHY I. MCMURRAY, M.D.,
ADRIANA LUNA, R.N., AUDREY LEBER, R.N.,
TAILEIGH SANCHEZ, R.N., ELISA MANQUERO, R.N.,
CORRECT CARE SOLUTIONS, LLC,
BOARD OF COUNTY COMMISSIONERS OF
BERNALILLO COUNTY, NEW MEXICO,
THOMAS J. RUIZ, and JOHN AND JANE DOES 1-10,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Compel Defendant Correct Care Solution, LLC's ("CCS") Answers and Responses to Plaintiff's First Set of Interrogatories and Request for Production, and for Sanctions Under Rules 16(f)(1)(C), 26(g)(3), 37(c), and 37(a)(5), filed June 4, 2018 (*Doc. 53*). Having reviewed the parties' submissions and all pertinent authority, the Court grants in part Plaintiff's Motion to Compel.

**I.    Discovery Responses and Supplements**

On March 6, 2018, Plaintiff served on CCS her first set of interrogatories, requests for production and requests for admission. CCS served its answers, responses, and objections on April 27, 2018. *Doc. 41*. Plaintiff filed a Motion to Compel on June 4, 2018, taking issue with almost all of CCS's answers and responses. *See Doc. 53*. Plaintiff requests that the Court overrule or strike most of CCS's objections and

1

compel CCS to supplement its answers and responses. In response, CCS addressed every interrogatory and request for production (other than Request for Production No. 12, which is addressed in a separate motion to compel) and agreed to withdraw some objections, supplement some answers and responses, and clarify others. *Doc. 62*. However, it is not completely clear which objections CCS is withdrawing or what its supplemental and clarified answers and responses will include. *See e.g.*, *id.* at 15 ("To clarify, CCS will supplement each Response to withdraw some if its objections . . . ."); *id.* at 17 ("To provide further clarity regarding the nature of its objections and its answer, CCS will supplement its response to clarify, as best it can at this time, which portions of the request are not objectionable . . . ."). For this reason, the Court cannot determine which issues raised in the Motion to Compel still remain at issue. CCS is therefore ordered to supplement its answers and responses within one week of the entry of this Order.

When providing supplements, CCS is reminded not to raise new objections, unless it can show good cause for failure to timely raise the objection. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excused the failure."); *Brunson v. McCorkle*, No. 11cv1018 JCH/LAM, 2013 WL 12333491, at *1 (D.N.M. Jan. 4, 2013) ("While Rule 34 does not contain an explicit provision stating that failure to serve timely objections to requests for production results in a waiver of those objections, courts have held that such a waiver is implied."). Further, CCS is reminded to include a privilege log for discoverable information it believes is privileged or subject to protection. *See* Fed. R. Civ. P. 26(b)(5).

In addition to agreeing to supplement its answers and responses, CCS asks the Court for guidance on three issues: (1) whether Plaintiff can seek discovery "normally only seen in class action matters," (2) "whether CCS is required to create documents responsive to Plaintiff's requests," and (3) if the Court "will recognize CCS's evidentiary privilege under the [Patient Safety and Quality Improvement Act of 2005]." CCS does not specify the discovery requests to which these issues apply. And while the issues match with some of CCS's original objections, because CCS made non-specific promises to supplement and clarify its objections, it is unclear how these issues will actually apply to CCS's objections. *See, e.g.*, *Doc. 62* at 10 ("To clarify matters for Plaintiff and the Court, CCS will withdraw its objections and clarify its assertion of privilege under the Patient Safety and Quality Improvement Act of 2005."). The Court will not provide an advisory opinion about objections and answers that have not yet been made. Accordingly, after CCS provides its supplemental answers and responses, the Court invites the parties to confer on any actual remaining objections at issue, and if unable to resolve the issues, either agree to seek informal resolution by the Court or file briefings outlining the remaining issues.

**II.     Sanctions**

Plaintiff also requests sanctions pursuant to Rules 16(f)(1)(C), 26(g)(3), 37(a)(5), and 37(c) of the Federal Rules of Civil Procedure because "CCS's position is not substantially justified and the delay in responding to Plaintiff's initial round of written discovery requests has an adverse domino effect on both the Court's ability to reliably set case-management deadlines and Plaintiff's ability to meet them." *Doc. 53* at 24. Federal Rule of Civil Procedure 37(a)(5) requires that

3

> [i]f the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action . . . or other circumstances make an award of expenses unjust.

The duty to confer is mandated by both Rule 37(a)(1) and Local Rule 7.1. *See* Fed. R. Civ. P. 37(a)(1) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D.N.M.LR-CIV. 7.1 ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). "To confer means more than making a demand for compliance; it means to hold a conference; compare views; consult together." *Zuniga v. Bernalillo Cty.*, No. CV 11-877 RHS/ACT, 2013 WL 12333609, at *2 (D.N.M. Jan 10, 2013). "It requires a face to face, or at a minimum, a telephone conference wherein counsel try in good faith to resolve the dispute by comparing views, further explaining or clarifying their position, and if appropriate, offering a compromise in order to resolve the dispute." *Id.*

Here, is it unclear whether Plaintiff's counsel complied with the duty to confer before filing the instant Motion to Compel. On May 11, 2018, after receiving CCS's discovery responses, Plaintiff's counsel sent CCS a 20-page letter detailing all Plaintiff's qualms with CCS's answers and responses. *Doc. 53-3.* On May 16, 2018, the parties participated in a conference call but only discussed Plaintiff's proposed amended complaint, not discovery. *See Docs. 62* at 3, *66* at 9. On May 29, 2018, the parties

participated in another telephonic conference, but have conflicting accounts of what they discussed. CCS alleges that Plaintiff would not negotiate on discovery matters (*Doc. 62* at 3), while Plaintiff alleges that CCS was supposed to respond to Plaintiff by the end of the week with a proposal for informal resolution (*Doc. 66* at 9). On June 4, 2018, without further discussion, Plaintiff filed a Motion to Compel.

While the Court acknowledges that Plaintiff did attempt more than just sending a letter, based on the conflicting accounts of the subsequent conferences, the Court will not grant sanctions under Rule 37(a)(5). Reviewing CCS's response to the Motion to Compel, it appears many issues could have been resolved without Court intervention, had the parties conferred further. Instead, "the Court has had to spend an inordinate and unnecessary amount of time trying to decipher what is truly in dispute . . . [on] issues that may no longer be in existence or may now be in some status other than as presented in the briefing." *Zuniga*, 2013 WL 12333609, at *3.

The Court will also deny sanctions under Rule 37(c) because CCS has agreed to supplement its responses. And without reviewing the supplements, the Court cannot determine if CCS failed to provide information under Rule 26(a) or (e). The Court also denies sanctions under Rule 26(g)(3) because Plaintiff as not shown that CCS violated that rule. Finally, the Court denies sanctions under Rule 16(f)(1)(C). Plaintiff is concerned that this delay in discovery will lead to further delays affecting other deadlines. Accordingly, Plaintiff requests that the Court extend case management deadlines as a sanction under Rule 16(f)(1)(C). However, the Court recently extended Scheduling Order deadlines (*Doc. 74*), and at this time, Plaintiff has not shown a need

for further extensions. The Court will allow additional extensions in the future, if there is good cause for such extensions.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Defendant Correct Care Solutions, LLC's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production, and for Sanctions Under Rules 16(f)(1)(C), 26(g)(3), 37(c), and 37(a)(5) (*Doc. 53*) is **granted in part.** Defendant CCS shall supplement its answers and responses within one week of the entry of this Order.

_____
UNITED STATES MAGISTRATE JUDGE