## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SHAWNA TANNER,

      Plaintiff,                             No. 1:17-CV-00876-JB-KBM

v.

TIMOTHY I. McMURRAY, M.D.,
ADRIANA LUNA, AUDREY LEBER, R.N.,
TAILEIGH SANCHEZ, R.N., ELISA MANQUERO, R.N.,
CORRECT CARE SOLUTIONS, LLC, BOARD OF
COMMISSIONERS OF BERNALILLO COUNTY,
NEW MEXICO, THOMAS J. RUIZ, JOHN and
JANE DOES 1-10,

      Defendants.

### CORRECT CARE SOLUTIONS, LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

COMES NOW Defendant Correct Care Solutions, LLC ("CCS"), through its attorneys,

Park & Associates, LLC (Alfred A. Park and Geoffrey D. White), and states as follows for its

First Supplemental Responses and Objections to Plaintiff's First Requests for Production:

### GENERAL OBJECTIONS

CCS, through counsel, withdraws its general objections. Specific objections are noted

below.

**REQUEST NO. 1:**   Please produce the records in your possession, custody, or control

identified in your answer to Interrogatory No. 1 above.

**RESPONSE**:   CCS, through counsel, objects to this Request and respectfully directs

Plaintiff to General Objections Nos. 1, 3 through 6, and 8 above.

PLAINTIFFS' EXHIBIT 21

Without waving these or any other objections, CCS states that it is not currently in possession, custody, or control of documents responsive to this Request other than documents that were exchanged by the parties through discovery and initial disclosures, documents that are in the possession of Plaintiff's counsel, and documents that Plaintiff obtained by IPRA requests.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections. CCS did not identify documents in its Answer to Interrogatory No. 1.

**REQUEST NO. 2:**   Please produce the records in your possession, custody, or control identified in your answer to Interrogatory No. 2 above.

**RESPONSE:**  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1, 3 through 6, and 8 above.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions.

Without waving these or any other objections, CCS states:  please see CCS's answer to Interrogatory No. 2.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections. CCS did not identify documents in its Answer to Interrogatory No. 2.

**REQUEST NO. 3:**   Please produce the records in your possession, custody, or control identified in your answer to Interrogatory No. 3 above.

**RESPONSE:**  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1, 3 through 6, and 8 above.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions.

Without waving these or any other objections, CCS states:  please see CCS's answer to Interrogatory No. 3.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections. CCS did not identify documents in its Answer to Interrogatory No. 3.

**REQUEST NO. 4:**   Please produce the records in your possession, custody, or contorl [sic] identified in your answer to Interrogatory No. 4 above.  If you contend that those records are privileged or otherwise protected from disclosure, please produce a privilege log sufficient for Plaintiff's counsel and the Court to assess the validity of your claim of privilege or other protection with respect to each responsive record.

**RESPONSE:**   CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1 through 8 above.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions.  CCS, through counsel, further objects to this Request as overly broad and not reasonably calculated to lead to admissible evidence because of its unlimited subject matter scope.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions.

Without waving these or any other objections, please see CCS's answer to Interrogatory No. 4.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections to this Request and asserts its privilege under the Patient Safety and Quality Improvement Act of 2005 ("PSQIA").  This Request requires CCS to produce documents and information PSQIA grants an evidentiary privilege.  CCS has contracted with Center for Patient Safety to be CCS's Patient Safety Organization ("PSO").  Center for Patient Safety is a federally listed PSO.  A copy

3

of the Agency for Healthcare Research and Quality's listing of PSOs, which includes Center for Patient Safety, is attached as **Exhibit S2-1**.

CCS maintains a patient safety evaluation system pursuant to PSQIA.  CCS implements its patient safety evaluation system through an integrated continuous quality improvement ("CQI") program.  Documents generated through CQI initiatives are maintained as Patient Safety Work Product.  In addition, documents created through the CQI initiatives are developed for the conduct of patient safety activities designed to improve patient safety, health care quality, and health care outcomes.

Bernalillo County promulgated various policies that apply to functions CCS conducts at the MDC.  Some of these policies require CCS to provide Bernalillo County with data, reports, records, memoranda, analyses, and statements about patient safety or quality of care.  The privilege is not waived as to these reports.

Please see CCS's First Privilege Log.

**REQUEST NO. 5:**   Please produce the principal and material records on which you rely to support each of the affirmative defenses pleaded in your Answer to Plaintiff's Complaint (Doc. 1).

**RESPONSE**:  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 3, and 8 above.  CCS, through counsel, objects because this Request is improper contention discovery.  CCS is not required to know, much less state, all facts at the outset of litigation. *See, e.g.,* Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents. ...   A party that wishes to serve contention

4

interrogatories early in the discovery process must serve only a limited set of interrogatories and must be able to demonstrate that answers to the questions will clarify the issues in the case, narrow the scope of the dispute, set up early settlement discussions, or expose a substantial basis for a motion under Rule 11 or Rule 56."). CCS asserted its affirmative defenses in order to preserve them, as Federal Rules of Civil Procedure 8 and 12 require.

Without waving these or any other objections, please see Plaintiff's medical records.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its reference to General Objections Nos. 2, 3, and 8. CCS, through counsel, further objects to the Request to the extent it calls upon CCS to render a medical expert opinion, which it does not have yet and therefore cannot disclose. Supplementing its Response to the extent the Request is not objectionable, CCS directs Plaintiff to CCS's Supplemental Answer to Interrogatory No. 5.

**REQUEST NO. 6:** Please produce the principal and material records (such as time sheets, daily rosters, shift logs, attendance records, and/or staffing plans) which identify the names, job titles or positions, duty stations or posts, and working hours of each of your employees or contractors on duty at the Metropolitan Detention Center for each shift from 12:01 a.m. on October 4, 2016, until 11:59 p.m. on October 20, 2016.

**RESPONSE:** CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2 through 4, 6, and 8 above. CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions. CCS, through counsel, further objects to this request to the extent it calls upon CCS to create documents that do not otherwise exist, which CCS will not do absent a court order.

Without waving these or any other objections, CCS states:   Potential documents responsive to this Request may be contained in the daily rosters that Plaintiff obtained from MDC by IPRA request.  In addition, please see documents attached hereto as Exhibit "A."

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections and its answer.  For its Supplemental Response, CCS directs Plaintiff to the document attached to CCS's initial Response as Exhibit A.  CCS has not been able to locate responsive documents stating "job titles or positions, duty stations or posts, and working hours" of the employees identified in Exhibit A.

**REQUEST NO. 7:**   Please produce the principal and material records which state or contain job descriptions, qualification requirements, and job vacancy announcements for the following positions at MDC during the calendar years 2015 and 2016:   Health Services Administrator or Health Administrator, Medical Director, Physician, Director of Nursing (DON-RN), Charge Registered Nurse (Charge-RN), Medical Registered Nurse (Medical-RN), Licensed Practical Nurse-Medical (LPN-Medical), Emergency Medical Technician-Basic (EMT-Basic), and Emergency Medical Technician-Paramedic (EMT-Paramedic).

**RESPONSE:**  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1 through 4 and 6 above.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions.  CCS, through counsel, further objects to this Request because the phrase "principal and material records" is unintelligible, vague, and ambiguous.  CCS is not required to guess what Plaintiff means. *See, e.g.,* Christopher v. Harbury, 536 U.S. 403, 418 (2002).

Without waiving these or any other objections, CCS herewith provides the relevant job descriptions. *See* documents attached hereto as Exhibit "B."

6

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections. The relevant job descriptions were attached to CCS's initial Response as Exhibit B.

**REQUEST NO. 8:**   Please produce the principal and material records documenting the name, date, job title or position, duty station or post, and reasons for each instance in which an individual ended his or her employment with you or otherwise stopped working for you at the Metropolitan Detention Center between June 1, 2016, and November 30, 2016.

**RESPONSE:**   CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1 through 4 and 6 above. CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute and calls for legal conclusions. CCS, through counsel, further objects to this Request because the phrase "principal and material records" is unintelligible, vague, and ambiguous. CCS is not required to guess what Plaintiff means. *See, e.g.,* Christopher v. Harbury, 536 U.S. 403, 418 (2002). CCS, through counsel, further objects to this Request to the extent it calls upon CCS to create documents that do not otherwise exist, which CCS will not do absent a court order. CCS, through counsel, objects to this Request to the extent that it seeks information that is not relevant, is not designed to discover relevant or admissible evidence, and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). CCS employs medical professionals, mental health professionals, and administrative support staff. The names, job title, position, and duty station or post of each and every individual who CCS employed at the Metropolitan Detention Center from June 1, 2016, to November 30, 2016, who did not treat Plaintiff are irrelevant and immaterial. The names and positions of administrative staff who had no interaction with Plaintiff or her care are irrelevant and immaterial. The names and positions of the mental health staff are irrelevant and immaterial.

7

Without waving these or any other objections, please see the Plaintiff's medical records and other documents that were exchanged by the parties through discovery and initial disclosures, documents that are in the possession of Plaintiff's counsel, and documents that were obtained by IPRA requests and Subpoena for the names and positions of medical staff who treated Plaintiff.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its previous Objections other than to relevance and proportionality, and to any requirement that CCS create documents for Plaintiff. *See*, FED. R. CIV. P. 26(b)(1). *See also*, Mir v. L-3 Commc'ns Integrated Sys., L.P., 319 F.R.D. 220, 227 (N.D.Tex. 2016) ("[A] party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production."), Barnes v. District of Columbia, 281 F.R.D. 53, 55 (D.D.C. 2012) ("[C]ourts may not use Rule 34 of the Federal Rules of Civil Procedure to order parties to create a document to satisfy discovery requests[.]"). To clarify and supplement its previous Response, CCS employs medical professionals, mental health professionals, and administrative support staff. The names, job title, position, and duty station or post of each and every individual who CCS employed at the Metropolitan Detention Center from June 1, 2016, to November 30, 2016, who did not treat Plaintiff are irrelevant and immaterial. The names and positions of administrative staff who had no interaction with Plaintiff or her care are irrelevant and immaterial. The names and positions of the mental health staff are irrelevant and immaterial.

Supplementing its Answer to the extent the Interrogatory is not objectionable, CCS directs Plaintiff to CCS's Supplemental Answer to Interrogatory No. 8.

**REQUEST NO. 9:**   Please produce the principal and material records documenting the name, date, job title or position, duty station or post, and reasons for each instance in which an

individual began his or her employment with you or otherwise started working for you at the

Metropolitan Detention Center between June 1, 2016, and November 30, 2016.

**RESPONSE**:   CCS, through counsel, objects to this Request and respectfully directs

Plaintiff to General Objections Nos. 1 through 4 and 6 above.   CCS, through counsel, further

objects to this Request to the extent that it involves facts in dispute and calls for legal

conclusions.   CCS, through counsel, further objects to this Request because the phrase "principal

and material records" is unintelligible, vague, and ambiguous.   CCS is not required to guess what

Plaintiff means.   *See, e.g.,* Christopher v. Harbury, 536 U.S. 403, 418 (2002).   CCS, through

counsel, further objects to this Request to the extent it calls upon CCS to create documents that

do not otherwise exist, which CCS will not do absent a court order.   CCS, through counsel,

objects to this Request to the extent that it seeks information that is not relevant, is not designed

to discover relevant or admissible evidence, and is not proportional to the needs of the case.

FED. R. CIV. P. 26(b)(1).   CCS employs medical professionals, mental health professionals, and

administrative support staff.   The names, job title, position, and duty station or post of each and

every individual who CCS employed at the Metropolitan Detention Center from June 1, 2016 to

November 30, 2016 who did not treat Plaintiff are irrelevant and immaterial.   The names and

positions of administrative staff who had no interaction with Plaintiff or her care are irrelevant

and immaterial.   The names and positions of the mental health staff are irrelevant and

immaterial.

Without waving these or any other objections, please see the Plaintiff's medical records

and other documents that were exchanged by the parties through discovery and initial

disclosures, documents that are in the possession of Plaintiff's counsel, and documents that were

obtained by IPRA requests and Subpoena for the names and positions of medical staff who

treated Plaintiff.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its previous Objections other than to relevance and proportionality, and to any requirement that CCS create documents for Plaintiff. *See,* FED. R. CIV. P. 26(b)(1). *See also,* Mir, 319 F.R.D. at 227, Barnes, 281 F.R.D. at 55. To clarify and supplement its previous Response, CCS employs medical professionals, mental health professionals, and administrative support staff. The names, job title, position, and duty station or post of each and every individual who CCS employed at the Metropolitan Detention Center from June 1, 2016, to November 30, 2016, who did not treat Plaintiff are irrelevant and immaterial. The names and positions of administrative staff who had no interaction with Plaintiff or her care are irrelevant and immaterial. The names and positions of the mental health staff are irrelevant and immaterial.

Supplementing its Answer to the extent the Interrogatory is not objectionable, CCS directs Plaintiff to CCS's Supplemental Answer to Interrogatory No. 9.


**REQUEST NO. 10:** If you contend that any of your employees who are named as Defendants in this civil action had no material role in providing health care to Plaintiff Shawna Tanner or responding to requests for health care by or on behalf of Plaintiff Tanner between October 4, 2016, and October 20, 2016, please produce the principal and material records in your possession, custody, or control on which you rely to support that contention.

**RESPONSE:** Please see Plaintiff's medical records, which demonstrate that Defendant Audrey Leber, R.N., was not present at the Bernalillo County Metropolitan Detention Center on October 16 or 17, 2016; that she did not provide Plaintiff with care and treatment on October 16 or 17, 2016; and thus that Plaintiff's Complaint should be dismissed with prejudice as to Audrey Leber, R.N. *See* Joint Status Report and Provisional Discovery Plan [Document 25].

**SUPPLEMENTAL RESPONSE:** Plaintiff amended her Complaint to remove Audrey Leber, R.N., and add, *inter alia*, Ed Kossmann. Mr. Kossmann was the health services administrator at the MDC and did not provide patient care. CCS is not able to produce records that prove a negative. Moreover, it is Plaintiff's burden to prove Mr. Kossmann is a proper defendant, not CCS's burden to demonstrate he is not. *See generally*, Federal Rules of Civil Procedure 1 and 11(b). However, please see the health services administrator job description, which was attached as part of Exhibit B to CCS's initial responses to Plaintiff's first set of RFPs.

**REQUEST NO. 11:** Please produce the records in your possession, custody, or control documenting the training that you provided to Metropolitan Detention Center staff, including training on recognizing emergencies and procedures for referring inmates for health care, from December 9, 2014, and until November 30, 2016.

**RESPONSE:** CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 4, and 6 above. CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.

Without waving these or any other objections, CCS states that it is willing to work with Plaintiff if she will narrow this Request to specific employees and to documents reasonably expected to have some probative or evidentiary value. Potential documents responsive to this Request may be contained in the training materials that Plaintiff obtained from MDC by IPRA request.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its previous Objections other than to relevance and proportionality. *See*, FED. R. CIV. P. 26(b)(1). To further supplement its Response, CCS restates that it was willing to work with Plaintiff if she would

11

narrow this Request to specific employees and to documents reasonably expected to have some probative or evidentiary value.   On May 11, 2018, Plaintiff offered to provide a list of employees, to include the corrections officers assigned to the pod where Plaintiff was housed from October 4, 2016, through October 20, 2016, as well as the corrections officers working in the infirmary and "SHU" during that period, but Plaintiff did not follow up.  Plaintiff's failure, refusal, or neglect to follow up for more than three (3) months leaves CCS to believe she is not genuinely interested in the information sought in this Request.

**REQUEST NO. 13:**  Please produce the records in your possession, custody, or control which document communications by the court-appointed medical expert in the *McClendon* litigation, Dr. Robert Greifinger, and which were transmitted to you or your agents or principals during the period from April 2016 to the present, including findings of fact and transcripts of recorded testimony by Dr. Greifinger.

**RESPONSE:**  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 2, 4 through 6 above.  CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.  CCS, through counsel, further objects to this Request because the phrase "your agents or principals" is unclear and calls for a legal conclusion.

Without waving these or any other objections, CCS states that potential documents responsive to this Request may be contained in the reports on MDC that Plaintiff obtained from MDC by IPRA request.  Communications by Dr. Greifinger are subject to a confidentiality order in the *McClendon* case.

**SUPPLEMENTAL RESPONSE:**  CCS, through counsel, withdraws its previous Objections other than to relevance and proportionality.  *See*, FED. R. CIV. P. 26(b)(1).  In

12

supplementation of its initial Response, CCS restates that communications by Dr. Greifinger in the McClendon litigation are subject to a protective order in that litigation. CCS is obliged to recognize and honor the McClendon Court's decisions. *See, e.g.*, Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977), citing Ketchum v. Edwards, 153 N.Y. 534, 539, 47 N.E. 918, 920 (1897) ("The interest in maintaining respect for the action of courts, and of orderly jurisprudence, forbids that litigants should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at nought orders or decrees, however improvidently made, even if it may seem certain that the court acted in granting them under misapprehension or mistake").

**REQUEST NO. 14:** Please produce the records in your possession, custody, or control which were created, edited, processed, or discovered between October 4, 2016, and the present, and which document the investigation, diagnosis, or treatment of Plaintiff Shawna Tanner's pregnancy, the stillbirth of her baby, and the medical complications associated with those events during her incarceration at the Metropolitan Detention Center from October 4, 2016, to October 20, 2016, including medical records, incident reports, audit reports, inspection reports, mortality reports, internal investigation records, sheriff's department investigation records, and contract compliance records, but not including attorney work product generated by your counsel of record in this case.

**RESPONSE**: CCS, through counsel, objects to this Request to the extent the documents and materials sought are immune from disclosure under the Review Organizations Immunity Act, NMSA 1978, §§41-9-1 to -7, and the case law construing the Act. CCS, through counsel, further objects to this Request to the extent it violates the self-critical analysis privilege. Weekoty v. U.S., 30 F.Supp.2d 1343, 1347-48 (D.N.M. 1998). CCS, through counsel, further objects to this Request on the grounds that The Patient Safety and Quality Improvement Act of

2005, 42 U.S.C. 299b-21 through 299b-26, provides federal privilege and confidentiality protections for patient safety information, called patient safety work product, to encourage the reporting and analysis of medical errors. 42 U.S.C. § 299b-22. CCS is a member of a patient safety organization ("PSO") organized pursuant to the Act. CCS's CQI reports are protected patient safety activities under 42 U.S.C. § 299b-21(5). As patient safety activities, the work product created by the reviews is confidential and privileged pursuant to 42 U.S.C. § 299b-22. Specifically, Final Rule § 3.206(a) requires the work product remain confidential and cannot be disclosed. A disclosure is, in part, defined as "the release of, transfer of, provision of access to, or divulging in any other manner of, patient safety work product ... to another entity or natural person outside the component PSO."

CCS, through counsel, further objects to this Request because the phrase "created, edited, processed, or discovered" is unintelligible, vague, and ambiguous. CCS is not required to guess what Plaintiff means. *See*, e.g., Christopher v. Harbury, 536 U.S. 403, 418 (2002). CCS, through counsel, further objects to this Request to the extent that it seeks information that is not relevant to Plaintiff's claim or CCS's defenses and not reasonably calculated to lead to the discovery of potentially relevant material with respect to audit reports, inspection reports, and internal investigation records. CCS, through counsel, further objects to this Request because it seeks information that is publicly available or otherwise equally available to counsel for Plaintiff with respect to sheriff's department investigation records.

Without waving these or any other objections, CCS states that other than documents (medical records and incident report) that were exchanged by the parties through discovery and initial disclosures, documents that are in the possession of Plaintiff's counsel, and documents that were obtained by IPRA requests, CCS is not currently in possession, custody, or control of any other discoverable documents responsive to this Request.

14

**SUPPLEMENTAL RESPONSE:** To clarify, CCS does not object to Plaintiff's request for medical records and has shared with Plaintiff all medical records CCS obtained.  CCS will continue to do so.  CCS does not object to Plaintiff's request for incident reports and sheriff's department investigation records but does not have any to share with Plaintiff other than those already produced by Plaintiff or Bernalillo County.

CCS, through counsel, objects to Plaintiff's request for "audit reports, inspection reports … and contract compliance records" on the grounds that the terms are so broad that this Request is vague and overly broad on its face.  Where a discovery request is vague and overly broad on its face, the party resisting the overly broad discovery is not required to prove vagueness and overbreadth.  Zuniga v. Bernalillo County, No. 11-877 RHS-ACT, 2013 WL 12333609, *4 (D.N.M. Jan. 10, 2013) (unpublished disposition), citing In re Urethane Antitrust Litig., 237 F.R.D. 454, 458 (D.Kan. 2006).

CCS, through counsel, objects to Plaintiff's request for mortality reports and internal investigation records on the understanding that these documents are protected by the federal privilege accorded CCS through the Patient Safety and Quality Improvement Act of 2005 ("PSQIA").  Please see CCS's Supplemental Answer to Interrogatory No. 4 for a fuller explication of the PSQIA privilege.

**REQUEST NO. 15:** Please produce the records in your possession, custody, or control listing all pregnancies at the Metropolitan Detention Center and their outcomes for the calendar years 2015 and 2016.  If you contend that those records are privileged or otherwise protected from disclosure, please produce a privilege log sufficient for Plaintiff's counsel and the Court to assess the validity of your claim of privilege or other protection with respect to each responsive record.

15

**RESPONSE**:  CCS, through counsel, objects to this Request and respectfully directs Plaintiff to General Objections Nos. 1 through 4 and 6 above.  CCS, through counsel, further objects to this Request to the extent that it involves facts in dispute, calls for legal conclusions, and assumes facts not in evidence.  CCS, through counsel, further objects to this Request because it seeks information that is not relevant to Plaintiff's claim or CCS's defenses.  CCS, through counsel, further objects to this Request on the grounds that medical records are confidential pursuant to 42 U.S.C. § 299b-21.  CCS, through counsel, further objects to this Request to the extent it calls upon CCS to create documents that do not otherwise exist, which CCS will not do absent a court order.

Without waving these or any other objections, CCS states that it does not maintain "records ... listing all pregnancies at the Metropolitan Detention Center and their outcomes for the calendar years 2015 and 2016" and thus cannot readily respond to this Request without undue burden.

**SUPPLEMENTAL RESPONSE:** CCS, through counsel, withdraws its objections other than its objections to relevancy and proportionality, the confidentiality of patient medical records under 42 U.S.C. § 299b-21 ("HIPAA"), and to any requirement that CCS create documents for Plaintiff. *See,* FED. R. CIV. P. 26(b)(1). *See also,* Mir, 319 F.R.D. at 227, Barnes, 281 F.R.D. at 55.  To clarify and supplement its previous Response, CCS does not maintain "records ... listing all pregnancies at the Metropolitan Detention Center and their outcomes for the calendar years 2015 and 2016" and thus does not have a directly responsive document.  CCS does maintain an internal log of pregnant inmates from which the Supplemental Answer to Interrogatory No. 12 was determined, but the log contains HIPAA-protected personal health information, and when that information is redacted to make the log amenable to production in this lawsuit, the

redactions render the log incomprehensible and thus not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

PARK & ASSOCIATES, L.L.C.

By: */s/ Geoffrey D. White*
Geoffrey D. White
Alfred A. Park
*Counsel for Defendant Correct Care Solutions, LLC*
3840 Masthead St. NE
Albuquerque, NM 87109
(505) 246-2805

Dated: August 27, 2018

Responsive Document to

Request for Production No.: 4

# Federally-Listed PSOs

Below is a list of PSOs that are currently listed by AHRQ. A health care provider can only obtain the confidentiality and privilege protections of the Patient Safety Act by working with a Federally-listed PSO.

Use the categories on the left to filter the list of PSOs or search a PSO name.

Note: AHRQ updates the PSO information contained within the directories weekly, as needed; changes are made when there are newly listed PSOs and/or when existing information requires revision. Changes that would otherwise be effective on a weekend day or holiday will be effective on the next business day. Information contained in the directories is based on attestations that the PSOs provide. To update PSO contact information, please use the **Change of Listing Information form**; to update profile information, please go to the **PSO PPC Web site**.

There are 82 total PSOs listed by AHRQ.

**A&M Rural and Community Health Institute**

**AABB Center for Patient Safety**

**ABG Anesthesia Data Group, LLC**

**AHS PSO, LLC**

**Academic Medical Center (AMC) PSO**

**Alliance for Patient Medication Safety**

**American Data Network PSO**

**American Medical Foundation Patient Safety Organization**

**Anesthesia Quality Institute**


EXHIBIT
S2-1

## Ascension Healthcare Patient Safety Organization

## Baptist Health Patient Safety Partnership

## CHPSO

## CHS PSO, LLC

## Carolinas HealthCare System Patient Safety Organization

## Carolinas Rehabilitation - Patient Safety Organization

## Cassatt Patient Safety Organization

## Center for Patient Safety

**PSO Number:** P0011

**Effective Date and Time of Initial Listing:** November 5, 2008 12:01 AM ET

**Street Address:** 2410A Hyde Park Road, Jefferson City, Missouri 65109

**PSO Phone Number:** (573) 636-1014

**Fax:** (573) 636-8608

**Web Site:** http://www.centerforpatientsafety.org(http://www.centerforpatientsafety.org)

**Point of Contact:** Alexandra Christgen

**Point of Contact Phone:** (573) 636-1014

**Point of Contact Email:** achristgen@centerforpatientsafety.org

Next biennial attestation for Two Contracts due between **11/05/2018** and **11/04/2020**

**Disclosures & Finding:** None

**Subject to FDA-Regulated Reporting Entity Guidance:** No

## Center for the Assessment of Radiological Sciences PSO